UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORIN,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>ABERCROMBIE & FITCH STORES, INC., doing business as Ruehl No. 925, and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.: 07cv00885-BEN (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Docket Nos. 7, 8]** |

　　　Plaintiff Kevin Morin ("Morin") commenced the instant action in the Superior Court for the State of California, County of San Diego ("Superior Court") on February 13, 2007. Defendant Abercrombie & Fitch Stores, Inc. ("Abercrombie") removed the case to this Court on May 15, 2007. Presently before the Court is Morin's Motion to Remand this case back to Superior Court. For the reasons that follow, Morin's Motion is **GRANTED**.

**I.**

**FACTS**[1]

　　　Morin filed his Complaint against Abercrombie in Superior Court on February 13, 2007, asserting eight state causes of actions. In his Complaint, Morin alleges that, at all times mentioned in the Complaint, he was a resident of the County of San Diego and Abercrombie was a

---

[1] The facts are taken from the pleadings and discovery documents the parties submitted to this Court.

corporation doing business in the County of San Diego.

On April 10, 2007, Abercrombie served Morin with two special interrogatories. The first interrogatory stated: "[a]re YOU DOMICILED in the State of California?" The second interrogatory stated: "[a]re YOU a United States citizen?" With various objections, Morin responded on May 7, 2007, stating only that "he lives in California" and "he is lawfully allowed to hold employment in the United States." On May 15, 2007, Abercrombie removed the case to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332. In its Notice of Removal, Abercrombie alleged that at the time of the filing of this action Abercrombie was, and still is, a corporation incorporated in the State of Ohio with its principal place of business also in the State of Ohio. Abercrombie further alleges that Morin's responses to the interrogatories suggest that he is domiciled in the State of California and he is a citizen of the United States.

## II.

## DISCUSSION

Morin seeks to remand the case to Superior Court on two grounds: (1) diversity cannot be established by Morin's responses to the special interrogatories; and (2) Abercrombie's Notice of Removal was filed untimely. As discussed below, the Court is persuaded solely on the first ground.

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a state court to a federal district court if the district court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1993). As courts of limited jurisdiction, federal district courts only have subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States or cases where there is diversity of citizenship between the parties. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). For purposes of removal, the burden of establishing federal jurisdiction is on the party seeking removal. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994). If there is any doubt as to the right of removal in the first instance, it must be resolved in favor of remanding to state court as the removal statutes are construed strictly against removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

1  The procedure for removal is set forth in 28 U.S.C. § 1446(b). To properly remove an
2 action, the defendant must file the notice of removal within thirty days after the defendant receives
3 the initial pleading if the case stated by the initial pleading is removable on its face. 28 U.S.C. §
4 1446(b); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If, on the other
5 hand, it is unclear whether the case is removable on the face of the complaint, the thirty-day period
6 will not begin to run until the defendant is put on notice of removability.[2] *Harris*, 425 F.3d at 697.
7 The Ninth Circuit adopted this interpretation to ensure that a defendant will not face an
8 unreasonable and unrealistic burden to determine removabiltiy within thirty days of receiving the
9 initial pleading. *Id.* at 694.

10  In the case at hand, Abercrombie removed the action to this Court on the basis that
11 diversity of citizenship exists between the parties. As the party seeking removal, Abercrombie
12 bears the burden of establishing diversity jurisdiction. Based on the records before the Court, the
13 Court is not satisfied that Abercrombie met that burden when it filed the Notice of Removal.
14 Specifically, nothing in the records establishes Morin's citizenship as to any particular state. In
15 Morin's Complaint, he merely alleges that he "was a resident of the County of San Diego" and that
16 Abercrombie was "a corporation doing business in the County of San Diego." However, it has
17 long been settled that for the purposes of jurisdiction, residence and citizenship are wholly
18 different things, and a mere averment of residence in a particular state is not an averment of
19 citizenship of that state. *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *see Kanter v.
20 Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (noting that a person residing in a given
21 state is not necessarily domiciled there, and thus is not necessarily a citizen of that state).
22 Therefore, Morin's citizenship cannot be determined from the face of the Complaint. Similarly,
23 Morin's responses to Abercrombie's special interrogatories are not sufficient to determine Morin's
24 citizenship. Morin merely admits that he lives in California and that he is authorized to work in
25 the United States. Abercrombie could not have ascertained Morin's citizenship based on this

---

[2] This is the scenario in the instant case. As discussed below, there is no clear ground for removal on the face of Morin's Complaint. Therefore, Abercrombie was not required to file its Notice of Removal within thirty days of the receipt of the initial pleading. *See Harris*, 425 F.3d at 697. As such, Morin's contention that Abercrombie's Notice of Removal was untimely because it was not filed within thirty days after the Complaint was served upon Abercrombie is without any merit.

information. As federal district courts are required to resolve in favor of remanding to state court if there is any doubt as to the right of removal in the first instance, Morin's Motion to Remand will be granted. *See Gaus*, 980 F.2d at 566.

### III.
### CONCLUSION

For the reasons set forth above, Plaintiff Morin's Motion to Remand is **GRANTED**. The case is remanded to Superior Court.

**IT IS SO ORDERED**.

DATED: July 27, 2007

_____
Hon. Roger T. Benitez
United States District Judge

cc: All parties and respective counsel